IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY D. MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1812-BH |
| | § | |
| DEUTSCHE BANK & TRUST COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order dated January 5, 2011, this matter has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is *Defendant Deutsche Bank & Trust Company's Motion to Dismiss for Failure to State Claim*, filed December 2, 2011 (doc. 12). Based on the relevant findings and applicable law, the motion is **GRANTED.**

### I.  BACKGROUND

This *pro se* action involves foreclosure of real property located at 921 Norwood Lane, Lancaster, Texas, 75146 (the property). Plaintiff initially filed the action in state court, and Defendant removed it based on diversity jurisdiction. Plaintiff alleges that he acquired the property through a warranty deed from Mary L. Clayton on December 6, 2008. The warranty deed (which is attached to the original petition) named Clayton as the grantor and "Roy's and Son's L.L.C." as the grantee. Plaintiff claims that Defendant foreclosed on his property on November 3, 2009, without giving him pre-sale notice of foreclosure, and only providing him notice by publication. Plaintiff asserts that given this insufficient pre-sale notification, the foreclosure should be nullified as invalid, and the property's ownership should be returned to him.

Defendant now moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff has filed a response, Defendant has filed a reply, and the motion is now ripe for determination.

## II. RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.[1] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

---

[1] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

### III. ANALYSIS

Construing Plaintiff's allegations as asserting a failure of notice claim under Tex. Prop. Code § 51.002(b), Defendant seeks dismissal for failure to state a claim. Defendant argues that § 51.002(b) only applies to a borrower, debtor, mortgagor, or a party to the note or deed of trust, and Plaintiff has not alleged such status. Defendant also argues that it was not required to provide or ensure pre-sale notice because it was neither a mortgagee nor a mortgage servicer, but a purchaser at the foreclosure sale.[2]

**A. Wrongful Foreclosure Claim**

Plaintiff's failure-to-notify claim is properly characterized as a wrongful foreclosure claim. The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D.

---

[2] Some of Defendant's arguments require consideration of facts outside of the pleadings and have not been considered. As noted, a court cannot look beyond the face of the pleadings in considering a Rule 12(b)(6) motion. *See Baker*, 75 F.3d at 196; *Spivey*, 197 F.3d at 774.

Tex. 2001) (citation omitted). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank*, NA, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). The debtor must show either that the mortgagee either failed to comply with statutory or contractual terms, or complied with such terms, yet took affirmative action that detrimentally affected the fairness of the foreclosure proceedings. *Sky/RGS Props., Ltd. v. First Nat'l Bank*, 1996 WL 707014, at *3 (N.D. Tex. Dec.4, 1996) (citing *First State Bank v. Keilman*, 851 S.W.2d 914, 921–22 (Tex. App.–Austin 1993, writ denied)).

  Here, the only allegation arguably in support of Plaintiff's wrongful foreclosure action is his assertion that he did not receive personal notice of foreclosure before the sale. While Plaintiff does not identify a specific contractual or statutory violation, Tex. Prop. Code § 51.002 requires a lender to provide notice of default and intent to accelerate, specify the action required to cure the default, and give the debtor an opportunity to cure the default within a minimum of 20 days. *Reed v. Litton Loan Servicing, LP*, 2011 WL 817357, at *4 (E.D. Tex. 2011) (citing Tex. Prop. Code § 51.002(d)).[3] If the lender invokes the power of sale under a security instrument, the lender must also provide notice to the borrower of the time and place of the foreclosure sale at least 21 days prior to the date designated for the sale by posting in the county where the property is located, filing the notice with the office of the county clerk, and "serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *See id.* (citing Tex. Prop. Code § 51.002(b)).

---

[3] Although Plaintiff makes references to federal law in his original petition, the notice requirements in Texas are governed by Tex. Prop. Code § 51.002.

Although Plaintiff alleges that he did not receive personal notice of the foreclosure sale, he does not allege that he is a "debtor . . . according to the records of the mortgage servicer of the debt." Tex. Prop. Code § 51.002(b)(3). Moreover, Texas law does not require notice to persons who are not parties to the deed of trust, and Plaintiff has not alleged that he is a party to any deed of trust. *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F.App'x. 854, 856 (5th Cir. 2009) (citing *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.–Beaumont 2003, pet. denied)). His allegation that he received ownership of the property through a warranty deed, standing alone, is insufficient to give rise to a reasonable inference that he was the debtor according to the mortgage servicer's records or that he became a party to any deed of trust. The allegation, moreover, is belied by the warranty deed naming Roy's and Son's L.L.C., instead of him, as the purchaser of the property. Finally, he fails to allege that Defendant was a lender, mortgagee, mortgage servicer, or note holder around the time of the alleged foreclosure, and therefore fails to allege that Defendant was required to provide or ensure the required notice of sale.

Since Plaintiff has failed to state a facially plausible claim for relief, his complaint is subject to dismissal for failure to state a claim.

**B. Opportunity to Amend**

Notwithstanding Plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001

WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Group, Inc.*, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Notwithstanding the failure to plead a claim, Plaintiff is seeking to assert the rights of Roy's & Son's, L.L.C., a business entity that is not before the court, and whom he cannot represent *pro se*. Although an individual has the right to proceed *pro se*, business entities such as limited liability companies – as fictional legal persons – have no such right, and must be represented by licensed counsel. *See Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d at 399 (citation omitted). Plaintiff has alleged his best case, and since he cannot represent Roy's and Son's, L.L.C. *pro se* and assert its rights, further opportunity to amend his complaint to state a claim for relief is not warranted.

### III. CONCLUSION

Defendant's motion to dismiss is **GRANTED,** and Plaintiff's wrongful foreclosure claim against it is dismissed with prejudice.

**SO ORDERED on this 14th day of May, 2012**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE